UN-**Sealed**

Public and unofficial staff access
to this instrument are
prohibited by court order.

United States Courts
Southern District of Texas
FILED

JUN 0 8 2006

Michael N. Milby, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 4:06 CR 204 |
| | : | |
| | : | 18 U.S.C. § 1341, 1346 |
| | : | (Mail fraud) |
| | : | |
| | : | 29 U.S.C. §501(c) |
| vs. | : | (Embezzlement) |
| | : | |
| | : | 29 U.S.C. §439(c) |
| | : | (False Entry in Records |
| | : | Required by the LMRDA) |
| | : | |
| CHARLES CRAWLEY | : | |
| a/k/a CHUCK CRAWLEY | : | FILED UNDER SEAL |
| | : | |
| Defendant. | : | |
| | : | UN-SEALED PER Arrest 6-9-06 |

The Grand Jury charges:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

**A. Local 988 of the International Brotherhood of Teamsters**

1.  The International Brotherhood of Teamsters ("the
Teamsters") is an international labor organization with over one
million members.  Local 988 is a chartered local labor union of
the Teamsters' union based in Houston, Texas.  Local 988 is
governed in accordance with the constitution of the Teamsters and
the by-laws of Local 988.

2.  Local 988 represents employees in collective bargaining
with employers engaged in trucking, warehouse, commercial
delivery, rail, and other industries affecting interstate and

foreign commerce with respect to wages, hours, grievances, and other terms and conditions of employment. Pursuant to that representation, Local 988 has executed collective bargaining agreements with those employers within its jurisdiction covering Eastern and Southern Texas.

3. Both the Teamsters and Local 988 are "labor organizations" engaged in industries and activities affecting commerce within the meaning of the Labor Management Reporting and Disclosure Act ("LMRDA"), Title 29, United States Code, Sections 402(i) and (j), and are subject to the provisions of the LMRDA governing "labor organizations."

4. Defendant CHARLES "CHUCK" CRAWLEY (hereinafter CHUCK CRAWLEY) was an officer and a person employed by Local 988, that is President, from 1997 until on or about October 16, 2003, when he was suspended by the General President of the Teamsters.

## B. Duties Upon Defendants

5. Pursuant to the LMRDA, Title 29, United States Code, Section 501(a), "officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group." As an officer, agent, representative, and employee of Local 988, Defendant CHUCK CRAWLEY was subject to Section 501(a) of the Labor Management Reporting and Disclosure Act, Title 29, United States Code. In such capacities, Defendant occupied a position

of trust in relation to Local 988 and its members as a group, and was subject to several fiduciary duties pursuant to section 501(a) including: 1) to hold its money and property solely for the benefit of Local 988 and its members and to manage and expend the same in accordance with the by-laws of Local 988 and applicable resolutions of Local 988's governing bodies; 2) the duty to refrain from dealing with Local 988 as an adverse party or on behalf of an adverse party in any matter connected with their duties; 3) the duty to refrain from holding or acquiring any pecuniary or personal interest which conflicts with the interests of Local 988 in any transaction conducted by him or under his direction on behalf of Local 988; and 4) to account to Local 988 for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of Local 988.

6. Pursuant to Section 401(b) of the LMRDA, Title 29, United States Code, Section 481(b), "Every local labor organization shall elect its officers not less often than once every three years by secret ballot among the members in good standing."

7. Pursuant to Section 401(c) of the LMRDA, Title 29, United States Code, Section 481(c), "Adequate safeguards to insure a fair election shall be provided, including the right of any candidate to have an observer at the polls and at the

counting of the ballots."

8. Pursuant to Section 401(e) of the LMRDA, Title 29,

United States Code, Section 481(e):

> In any election required by this section which is to be held by secret ballot . . . every member in good standing . . . shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof.
> . . .
>
> Each member in good standing shall be entitled to one vote. The votes cast by members of each local labor organization shall be counted, and the results published, separately.
> . . .
>
> The election shall be conducted in accordance with the constitution and bylaws of such organization insofar as they are not inconsistent with the provisions of this subchapter.

9. Local 988 constitutes a "local labor organization." As

a local labor organization, the elections of officers in Local

988 are subject to Sections 401(b), (c), and (e) of the LMRDA,

Title 29, United States Code, Sections 481(b), (c), and (e).

10. As a member of the Teamsters, Defendant CHUCK CRAWLEY

was subject to the Teamsters Constitution, including the

following provisions:

> Sections 7(b)(1), (2), and (3) of Article XIX which prohibits members and officers from committing a violation of any specific provision of the Constitution, Local Union Bylaws or rules of order, or failure to perform any of the duties specified thereunder; committing a violation of oath of office or of the oath of loyalty to the Local Union and the International Union; and breaching a fiduciary obligation owed to any labor organization by any act of embezzlement or conversion of union's funds or property;

4

<u>Section 9 of Article XIX</u> which prohibits members and officers from wrongfully taking or retaining any money, books, papers, or any other property belonging to the International Brotherhood of Teamsters, any Joint Council, Local Union, or other sub-ordinate body;

<u>Section 4(b) of Article XXII</u> which specifies that the Local Union's Executive Board shall provide safeguards for the honest and fair conduct of local union election of officers by secret ballot.

11.    As members of the Local 988, Defendant CHUCK CRAWLEY was subject to the by-laws of Local 988, including the following provisions:

Article 5 entitled "Responsibility to the Local Union and Membership" which requires members to refrain from all activities which are inconsistent to Local 988 as an institution.

## COUNT ONE

### (18 U.S.C. §§ 1341, 1346, and 2 - Mail Fraud and Aiding and Abetting)

1.    The General Allegations numbered one (1) through (11) inclusively are realleged and expressly incorporated herein.

### The Scheme to Defraud

2.    Beginning in or about September 2002 to October 2002, both dates being approximate and the exact dates being unknown to the Grand Jury, in the Southern District of Texas and elsewhere, Defendant CHUCK CRAWLEY and other persons both known and unknown to the Grand Jury, did unlawfully, and knowingly devise and intend to devise a scheme and artifice to defraud Local 988 and its members.

3. The scheme and artifice to defraud devised by Defendant CHUCK CRAWLEY was intended to obtain Local 988 property consisting of the designated salary for the President of Local 988 and associated benefits for the period January 2003 until January 2006.

4. The scheme and artifice to defraud devised by Defendant CHUCK CRAWLEY was intended to deprive Local 988 and its members of their intangible right to the Defendant's honest services, including the honest services Defendant owed to Local 988 and its members pursuant to the LMRDA, Title 29, United States Code, Sections 501(a), 481(b), (c), and (e) and pursuant to Articles XIX and XXII of the Teamsters Constitution and Article 5 of the By-Laws of Local 988.

## Manner and Means of the Scheme to Defraud

5. It was part of said scheme and artifice that Defendant CHUCK CRAWLEY and other persons both known and unknown to the Grand Jury would target approximately 362 members of Local 988 who Defendant CHUCK CRAWLEY believed were unlikely to cast mail ballots in the October 2002 Officer Elections in Local 988.

6. It was part of said scheme and artifice that Defendant CHUCK CRAWLEY and other persons both known and unknown to the Grand Jury would replicate an official ballot in the October 2002 Officer Election over three hundred times.

7. It was part of said scheme and artifice that Defendant

6

CHUCK CRAWLEY and other persons both known and unknown to the Grand Jury would mark approximately 362 of the replicated ballots in favor of CHUCK CRAWLEY for President of Local 988 either as an individual candidate or as a member of the "Teamsters for Teamsters" slate of candidates.

8.   It was part of said scheme and artifice that Defendant CHUCK CRAWLEY and other persons both known and unknown to the Grand Jury would create false return envelopes in the October 2002 Officer Elections in Local 988 by affixing mailing address labels with the names of approximately 362 members of Local 988 whom Defendant CHUCK CRAWLEY believed would not return their official ballots.

9.   It was part of said scheme and artifice that Defendant CHUCK CRAWLEY and other persons both known and unknown to the Grand Jury would place the 362 phony ballots marked in favor CHUCK CRAWLEY for President of Local 988 into the false return envelopes, with mailing address labels listing the names of approximately 362 members of Local 988 whom Defendant CHUCK CRAWLEY believed would not return their official ballots.  This was done to create the appearance that such members had marked and cast their official ballots in favor of CHUCK CRAWLEY for President.

10.   It was part of said scheme and artifice that the Executive Board and Election Committee of Local 988 would count

the 362 phony ballots in the official tally in the October 2002

Officer Election in Local 988 and would thereby fraudulently

increase the number of votes for CHUCK CRAWLEY for President by

approximately 362 votes.

11.  It was further part of said scheme and artifice to

defraud that Defendant CHUCK CRAWLEY and other persons both known

and unknown to the Grand Jury would obtain the property of Local

988 and its members in the form of the designated salary and

associated benefits for the President of Local 988 for the period

January 2003 until January 2006, by ensuring, by fraudulent

means, that CHUCK CRAWLEY would be elected President of Local 988

by secretly increasing the number of votes for CHUCK CRAWLEY by

approximately 362 votes.

### Execution of the Scheme to Defraud

12.  On or about September 29, 2002, to October 3, 2002, in

the Southern District of Texas and elsewhere, Defendant CHUCK

CRAWLEY and other persons both known and unknown to the Grand

Jury, having devised and intending to devise the aforementioned

scheme and artifice to defraud described in paragraphs 2 through

4 above under "The Scheme to Defraud" and for the purpose of

executing said scheme and artifice and attempting to do so, did

knowingly place or cause to be placed the following matter and

thing in a post office and authorized depository for mail to be

sent and delivered by the United States Postal Service according

to the direction thereon:

envelopes containing 362 phony ballots in the October 2002 Election of Officers in Local 988 addressed to "Teamsters Local Union 988, P.O. Box 62128, Houston, TX 77205-2128."

All in violation of Title 18, United States Code, Sections 1341, 1346, and 2.

## COUNT TWO

### 29 U.S.C. § 501(c)
### (Embezzlement from a Labor Organization)

1. The allegations contained in paragraphs 1 through 11 of the General Allegations of this Indictment and paragraphs 1 through 10 of Count One are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. Beginning in or about September 2002 to October 2002, both dates being approximate and the exact dates being unknown to the Grand Jury, in the Southern District of Texas and elsewhere, Defendant CHUCK CRAWLEY, while an officer of Local 988 and while employed directly and indirectly by Local 988, did embezzle, steal and unlawfully and willfully abstract and convert to his own use and to the use of others the property and other asset of said labor organization consisting of an Official Ballot issued in the October 2002 Election of Officers in Local 988 whose image was replicated and address labels bearing the addresses of approximately 362 members of Local 988 produced by the Titan system owned by Local 988, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## COUNT THREE

### 29 U.S.C. § 501(c)
### (Embezzlement from a Labor Organization)

1. The allegations contained in paragraphs 1 through 11 of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. In or about February to June 2002, in the Southern District of Texas and elsewhere, Defendant CHUCK CRAWLEY, while an officer of Local 988 and while employed directly and indirectly by Local 988, did embezzle, steal and unlawfully and willfully abstract and convert to his own use and to the use of others the moneys, funds, securities, property, and other assets of said labor organization consisting of $20,000 in inflated payments made to a vendor installing telephone equipment in the Local 988 Union Hall for delivery to the Defendant CHUCK CRAWLEY.

All in violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## COUNT FOUR

### 29 U.S.C. § 439(c)
### (False Entry in Records Required by the LMRDA)

1. The allegations contained in paragraphs 1 through 11 of the General Allegations of this Indictment are realleged in this

Count and are incorporated by reference as if fully set forth herein.

2. In or about February, 2002, in the Southern District of Texas and elsewhere, Defendant CHUCK CRAWLEY willfully made a false entry in records required to be kept by Local 988 under the LMRDA, Title 29, United States Code, Section 436, that is, an inflated voucher for telephone installation in the Local 988 Union Hall, a record on matters required to be reported in the annual LM-2 Report of Local 988 required to be filed with the Secretary of Labor for Local 988's fiscal year ended December 31, 2002.

All in violation of Title 29, United States Code Section 439(c), and Title 18, United States Code, Section 2.

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

DONALD J. DeGABRIELLE, JR.
UNITED STATES ATTORNEY

By: _Michael Wright_____
MICHAEL WRIGHT
Assistant United States Attorney

VINCENT FALVO
Trial Attorney
U.S. Department of Justice
Organized Crime and Racketeering Section